1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE LIVELL WYNN, | CASE NO. 13CV1479-MMA (DHB) |
| Plaintiff, | **ORDER:** |
| vs. | **DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS*; |
| | [Doc. No. 2] |
| STATE OF CALIFORNIA; DEPARTMENT OF JUSTICE; OFFICE OF THE ATTORNEY GENERAL KAMAL D. HARRIS, | **DENYING REQUEST FOR APPOINTMENT OF COUNSEL AS MOOT** |
| Defendants. | [Doc. No. 3] |

   Plaintiff George L. Wynn, proceeding *pro se*, initiated this action by filing a complaint against Defendants the State of California, Department of Justice, and Office of the Attorney General Kamal D. Harris[1] ("Defendants").  [Doc. No. 1.] Although the precise nature of Plaintiff's claim is unclear, he appears to challenge the constitutionality of California Penal Code section 290.5.  Plaintiff contemporaneously filed a motion for leave to proceed *in forma pauperis* ("IFP") [Doc. No. 2], and a motion to appoint counsel.  [Doc. No. 3.]

---

[1] Kamala Harris is the Attorney General for the State of California.  Plaintiff's complaint mistakenly refers to "Kamal" Harris.

### MOTION TO PROCEED IFP

A party instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).   "To proceed *in forma pauperis* is a privilege not a right."  *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

Plaintiff's affidavit states he is employed, but fails to state the amount of take-home salary he receives each pay period.  [Doc. No. 2 at 2.]  Plaintiff states he receives $198.00 in food stamps each month.  He indicates that he has no checking or savings account and that he does not own an automobile.  [*Id.*]  Plaintiff also indicates he has several financial obligations, including $42,000 in student loans, $85,000 in child support payments, and over $7,000 in other debts.  [*Id.* at 2-3.]  Finally, Plaintiff states that he has an unidentifiable asset worth $936.00.  [*Id.* at 3.]

A party need not be completely destitute to proceed *in forma pauperis*.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).  But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar."  *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).  Here, the Court finds Plaintiff's affidavit is incomplete and does not adequately demonstrate that he is unable to pay the fees required to maintain this action.  Specifically, Plaintiff does not indicate his take-home salary or detail his net income compared to his monthly expenditures and ongoing debts and obligations.  Thus, Plaintiff's

---

[2] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. *See* 28 U.S.C. § 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

1  submission does not demonstrate that he lacks the financial resources or assets to

2  pay the costs of commencing this action.

3        Accordingly, the Court **DENIES** without prejudice Plaintiff's motion to

4  proceed IFP.  [Doc. No. 2.]  Within ***twenty days*** of the date of this Order, Plaintiff

5  shall either: (a) pay the requisite $400 filing fee, or (b) file a renewed motion for IFP

6  containing additional information regarding whether his living expenses would

7  objectively prevent him from paying the costs of commencing this action.  If

8  Plaintiff fails to timely submit payment or a renewed motion for IFP, the Court will

9  dismiss Plaintiff's complaint without prejudice.

10        Lastly, as indicated above, Plaintiff also submitted a request for appointment

11  of counsel.  In light of the Court's ruling on the IFP motion, the Court **DENIES** this

12  request as moot.

13        **IT IS SO ORDERED**.

14  DATED: July 1, 2013

15

16  Hon. Michael M. Anello
    United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28